### In re MITTNACHT'S WILL.

(Surrogate's Court, New York County.   February 20, 1914.)

1. WILLS (§ 303*)—PROBATE—EVIDENCE—EXECUTION.
    Evidence of attesting witnesses to a paper purporting to be a will *held* sufficient to establish its execution.
    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 711–723; Dec. Dig. § 303.*]

2. WILLS (§ 72*)—ANIMUS TESTANDI.
    The act of a testator in calling a  paper signed and executed by him a will and an invitation to witness a will, establish animus testandi.
    [Ed. Note.—For other cases, see Wills, Cent. Dig. § 189; Dec. Dig. § 72.*]

In the matter of the contested probate of the will of Blanche Mittnacht.   Probate allowed.

John B. Quintin, of New York City, for proponent.
Alfred L. Marilley, of New York City, for contestant.

FOWLER, S.  The paper writing propounded as and for the last will of Blanche Mittnacht was prepared at a hospital where Mrs. Mittnacht died on June 19, 1912.   The paper writing is in the following words:

<blockquote>
"New York, May 31st, 1912.

"I, Blanche Mittnacht, being of sound mind, do hereby will to my sister, Louise C. De Freest, fifteen hundred and forty-nine dollars ($1,549.00).   I do hereby will my brother, Albert H. Vallte, five dollars ($5.00), now on deposit in the Bowery Savings Bank on book No. 955,117.

"[Signed]   Blanche Mittnacht.

"Witnesses:     Joseph Schweitzer.
              "Henry W. Ferris.

"Sworn to before me this 31st day of May, 1912.

"Hugh A. O'Hare, Com. of Deeds, N. Y. C., No. 1."
</blockquote>

This very inartificial paper was prepared by an undertaker.

[1] The attesting witnesses have been produced in court and deposed to all the acts and things required by the statute of wills for the execution of a will.   Standing alone, their testimony entitles the paper propounded to probate as the last will and testament of Blanche Mittnacht, deceased.   The contestants have attempted to impeach the attesting witnesses by giving in evidence signed statements of such witnesses to the contrary of their depositions before me.   These statements are in effect that testatrix never published the paper as her last will and that she simply requested the witnesses to sign the "paper," not characterizing it any other way.   These statements were prepared by one hostile to the will.   Both of the attesting witnesses depose under oath that they did not understand the effect of the several written statements so signed by them, and I am inclined to believe them.   I am satisfied that the attesting witnesses are truthful witnesses and that by signing the hostile papers presented to them they did not intend to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

destroy the will. The testimony before me was given under the sanction of an oath and is full and complete. The testimonial evidence should not be nullified by a mere statement not under oath and made and prepared under circumstances not calculated to elicit the truth. Ignorant or unlettered men might easily be ensnared or misled by processes such as those indicated on the hearing. The statements draughted for the very purpose of impeaching the witnesses were not sworn to, nor was any protection given the attesting witnesses by the hostile hand who procured their signature to the declarations. The undertaker who prepared the paper propounded was also called to the stand by contestants. He was a bystander during the act of execution, and his testimony on the whole is not favorable to the will. He is not willing to characterize the paper so prepared by him as a will. But it is not his intention in preparing the will, but that of testatrix, which is at issue.

[2] Now, if testatrix called it a will, as it is sworn by the attesting witnesses she did, animus testandi on her part is established. An invitation to witness a will implies animus testandi. But even if this were a debatable point, the paper on its face purports to be a will, and this is conclusive in this matter. I am satisfied that great injustice might be done if this informal paper were refused probate, and so probate will be allowed.

Settle decree accordingly.